Rebecca A. Rainey, ISB No. 7525
FISHER RAINEY HUDSON
950 West Bannock Street, Ste.630
Boise, ID 83702
Telephone: (208) 345-7000
Facsimile: (208) 514-1900
rar@frhtriallawyers.com

*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| REINA RODRIGUEZ, an individual,<br><br>                     Plaintiff,<br><br>v.<br><br>NORTH IDAHO COLLEGE, a public entity; and DOES I-X,<br><br>                     Defendants. | Case No.: 1:16-cv-430<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

COMES NOW, Plaintiff, Reina Rodriguez ("Reina"), by and through her counsel of record, FISHER RAINEY HUDSON, and hereby complains and alleges as follows:

**INTRODUCTION**

1.      This is an action for damages arising from the deliberate indifference of North Idaho College ("NIC" or "the College") to report that a female student had been gang raped by three male students at an off-campus event.  As a result of NIC's deliberate indifference, the victim was forced to re-encounter her attackers in the dorm common areas and suffered serious psychological injuries resulting in increased abuse of drugs and alcohol that subjected her to increased monitoring and disciplinary actions by the school.

**COMPLAINT AND DEMAND FOR JURY TRIAL - 1**

2. NIC's failures to act were the result of (1) failing to adapt its policies and procedures in response to the guidance issued by the April 2011 Dear Colleagues Letter, (2) failing to appropriately train students and residence life staff regarding rights and duties under Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a) ("Title IX"), and (3) intentionally misleading Reina regarding her rights under Title IX, and through such misdirection, dissuading her from pursing any course of action regarding her attack.

## PARTIES

3. Plaintiff, Reina Rodriguez, is a female who was, at the time of the injuries alleged herein, enrolled as a freshman student and living in the dorms at NIC.

4. North Idaho College is an institution of higher education in the state of Idaho and is under the general supervision, government and control of the Idaho State Board of Education, which acts as the board of trustees of said College.

5. North Idaho College is the educational institution located in Coeur d'Alene, Idaho, heretofore known as North Idaho Junior College pursuant to Idaho Code § 33-4201.

6. North Idaho College is an institution of higher education within a junior college district and is, therefore, a public corporation that may be sued in its own name pursuant to Idaho Code § 33-2108.

7. Plaintiff is unaware of the true names, identities or capacities of the Defendants named as John Does I through X, and have therefore sued them, and each of them, under such fictitious names. Plaintiff is informed and believes, and based upon such information and belief, alleges that each of the fictitiously named parties is an individual, partnership, corporation, public entity or other entity who is responsible and/or liable for the acts and omissions alleged herein.

Plaintiff reserves the right to seek leave to amend this complaint to reflect the true names, identities, or capacities of the fictitiously named Defendants when the same have been ascertained.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over the claims propounded herein pursuant to 28 U.S.C. § 1331.

9. The amount in controversy exceeds the jurisdictional minimum.

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant NIC is located within the state of Idaho and the events or omissions giving rise to Plaintiff's claims occurred within the state of Idaho.

11. Venue is proper in this Court pursuant to Local Rule 3.1 because Defendant NIC is located in Kootenai County, which is within the Northern Division of the District of Idaho.

## GENERAL ALLEGATIONS

12. Title IX prohibits discrimination on the basis of sex in education programs and activities receiving federal financial assistance. Sexual assaults of students can be a form of discrimination prohibited by Title IX. The Office for Civil Rights has long recognized that sexual assault of one (or more) students upon another student is covered by Title IX, even if the assault occurs off-campus.

13. Under Title IX, once a school has notice of a possible sexual assault of a student by another student (or students)—whether carried out on-campus or off-campus—the school must take immediate and appropriate steps to investigate or otherwise determine what occurred and take steps reasonably calculated to end any harassment, eliminate a hostile environment if one has been created, and prevent harassment from occurring again. These steps are the school's responsibility whether or not the student who was assaulted makes a complaint or otherwise asks the school to

take action. OCR Guidelines, 62 FR 12034-01. And, under OCR Guidelines, 62 FR 12034-01, a school may also be responsible for taking steps to remedy the effects of harassment on the individual student who was assaulted.

14. Apart from imposing a duty upon institutions that receive federal funding to investigate student on student sexual assaults and harassment allegations, Title IX requires universities to "take proactive measures to prevent sexual harassment and violence." (United States Department of Education, Office for Civil Rights "Dear Colleague" letter of April 4, 2011, hereinafter "OCR Dear Colleague Letter").

15. As a recipient of federal funding, NIC was at all relevant times obligated to fulfill the duties and requirements imposed by Title IX, 20 U.S.C. § 1681, *et seq.*, 20 U.S.C. § 168(a), as more fully set forth herein. A recipient of federal funds is liable under Title IX for student-on-student harassment if the funding recipient acts with deliberate indifference to known acts of harassment in its programs or activities.

16. Reina enrolled as a freshman at NIC in the fall of 2013. She was 17 years old at the time.

17. The night of November 16, 2013, Reina was at an off-campus party and became intoxicated. During her state of intoxication, she fell in and out of consciousness and recalls three men who were known to her to be fellow students at North Idaho College who resided in the same dormitory as Reina taking turns engaging in sexual intercourse with Reina.

18. Following the incident, Reina sent text messages to her friend, who was also the dormitory's student resident assistant, advising her that she had become very intoxicated and that while she was in the bathroom with an unknown male her clothes were removed. She could not remember if the first individual engaged in sexual intercourse with her, but she was certain that

**COMPLAINT AND DEMAND FOR JURY TRIAL - 4**

the second individual, who was not wearing a condom, did engage in sexual intercourse with her and that a third individual was standing by "asking for a turn" and that said third individual also engaged in sexual intercourse with her. She reported that her body hurt and that she felt "disgusted with herself."

19. On November 17th, the day after the gang rape, the student resident assistant forwarded the text messages to her supervisor via e-mail, along with a detailed description of a conversation that she had with Reina regarding the incident.

20. On November 18th at 4:59 p.m., just before close of business two days after the gang rape, the Resident Life Director, Paula Czirr, forwarded the text messages and the e-mail detailing the conversation to Graydon Stanley, Vice President of Student Services, and Deborah Ferguson, Student Counseling Specialist, asking for advice and guidance regarding how to respond to the incident.

21. On or about the night of December 14th/morning of December 15th, the resident assistant made note of Reina entering the dormitory at 1:35 am "distraught and intoxicated," and reporting that "all she wants to do is drink to forget what happened [on November 16th]."

22. On January 27, 2014, NIC made Reina enter into a behavior contract to address her drinking issues.

23. Thereafter, the resident assistant for the dormitory was tasked with specifically tracking Reina's comings and goings in and out of the dormitory. On information and belief, no other students were specifically targeted and tracked in the manner that NIC targeted and tracked Reina.

24. On or about April 13, 2014, Reina was disciplined for writing graffiti on the dormitory windows expressing her dissatisfaction with how she was being treated within residence life.

25. On or about July 26, 2014, Reina inquired of Alex Harris, Director of Student Development and Title IX coordinator for NIC, whether her assault fell under the purview of Title IX and if she "qualified for a complaint".

26. On or about July 28, 2014, Alex Harris advised Reina that her assault *did* fall under the purview of Title IX and that it was his job to investigate all allegations of which he was made aware and, further, that he did not understand what she meant by "qualify for a complaint."

## COUNT I

### VIOLATION OF TITLE IX (20 U.S.C. § 1681, *et seq.*)
### [Defendants NIC and DOES 1-10]

27. Plaintiff hereby incorporates paragraphs 10 through 26 as if fully set forth herein.

28. At all relevant times, Reina was a member of the class of individuals protected by Title IX.

29. At all relevant times, NIC was a recipient of federal funding and was subject to the requirements of Title IX.

30. As alleged herein, Reina was subjected to a sexual assault by three students of NIC.

31. The sexual assault and the school's failure to respond to her reports of such assault was sufficiently severe, pervasive, and objectively offensive as to alter the conditions of her education, create an abusive educational environment and deprive Reina of access to educational opportunities or benefits provided by NIC.

32. As alleged above, NIC officials with authority to address the sexual assaults and to institute corrective measures did nothing to investigate the perpetrators of the gang rape and,

instead, ignored the situation entirely, attempted to convince Reina to move out of the dorms, and thereafter punished Reina for the actions she took in the wake of the emotional and psychological turmoil caused by the gang rape.

33. NIC's refusal to investigate or take corrective action following Reina's report of being gang raped by other NIC students amounted to deliberate indifference to the requirements of Title IX.

34. The conduct of NIC as alleged herein resulted in Reina being excluded from, participating in, being denied the benefits of, and being subjected to, discrimination in NIC's education programs in violation of Title IX.

35. As a direct and proximate result of Defendants' willful, knowing and intentional discrimination conduct, Reina has experienced and will continue to experience pain and suffering and extreme and severe mental anguish and emotional distress. Reina has also suffered economic damages and has incurred, and will incur, costs of treatment. She is therefore entitled to general, special, and other compensatory damages in an amount in excess of the jurisdictional minimum of the Court, and which will be proven at trial.

## COSTS AND ATTORNEY FEES

Plaintiff's claims arise from violations of 20 U.S.C. § 1681 ("Title IX"). As an action to enforce this provision and vindicate a violation of rights and duties thereunder, Plaintiff is entitled to an award of costs of suit and attorney fees in an amount deemed reasonable by this Court pursuant to 42 U.S.C. § 1988(b).

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all issues properly tried by a jury in the above-entitled matter.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against Defendants as follows:

A.    For general, special, and other compensatory damages for all harm and damages caused;

B.    For interest in damages according to law;

C.    For costs of suit according to law;

D.    For reasonable attorney fees; and

E.    For such other and further relief as the Court deems appropriate.

DATED this 22nd day of September, 2016.

FISHER RAINEY HUDSON

*/s/ Rebecca Rainey*
Rebecca Rainey
Attorney for Plaintiff

**COMPLAINT AND DEMAND FOR JURY TRIAL - 8**